THE CABLE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104646. Promulgated January 15, 1942.

*William P. Heyne, Esq.*, for the petitioner.
*W. W. Kerr, Esq.*, for the respondent.

## OPINION.

SMITH: In its return for the year 1936 the petitioner claimed as a deduction for taxes paid during that year the amount of $5,200.44. Of this amount the respondent disallowed the deduction of $2,403.87 and now contends in support of that determination that the payment of the latter amount by the petitioner did not constitute a payment of its taxes.

It has been held frequently that a vendee is not entitled to a deduction for taxes paid when the taxes in question were a charge against the land or a liability of the vendor prior to the date of sale. *Lifson* v. *Commissioner* (C. C. A., 8th Cir.), 98 Fed. (2d) 508; *Walsh-McGuire Co.* v. *Commissioner* (C. C. A., 6th Cir.), 97 Fed. (2d) 983; *Edward C. Kohlsaat*, 40 B. T. A. 528; *Falk Corporation* v. *Commissioner* (C. C. A., 7th Cir.), 60 Fed. (2d) 204; *Merchants Bank Building Co.* v. *Helvering* (C. C. A. 8th Cir.), 84 Fed. (2d) 478; *Automatic Sprinkler Co. of America*, 27 B. T. A. 160. The petitioner argues that the rule of the cited cases is not to be applied in this proceeding because, under the law of Ohio, the transaction which occurred was a merger of the two companies and the tax liability of Lake Cable, Inc., before the transfer became the tax liability of the petitioner thereafter. The petitioner's conclusion is that in making the payments in question it paid its own taxes.

The petitioner relies upon section 8623–68 of Page's Ohio General Code (1938), vol. 6, which provides that the liabilities of a corporation merged into, or consolidated with, another corporation to form a "consolidated" corporation shall become the liabilities of such consolidated corporation. The section by its terms is referable to section 8623–67, which defines the procedure for a merger or consolidation of domestic corporations. Section 8623–68 imposed the liabilities of Lake Cable, Inc., upon petitioner only if the transaction which occurred was in fact a merger or consolidation within the meaning of section 8623–67. Without reference to the statute, the respondent argues that the evidence shows that the transaction in question was merely a sale of assets.

We can not sustain the petitioner's contention. There is no indication in the resolutions of the directors or of the shareholders that a merger of the two corporations was intended. The minutes of all of the meetings refer to the proposed transaction as a sale. Furthermore, section 8623–67 provides that an agreement of consolidation in considerable detail shall be executed and filed in the office of the secretary of state. Section 8623–68 reiterates this provision, as a condition precedent to merger or consolidation, in the following language:

When the agreement of consolidation is signed, acknowledged and filed as required in the preceding section the separate existence of all of the con-

stituent corporations, or all of the constituent corporations except the one into which such constituent corporations have been merged, as the case may be, shall cease, * * * and the constituent corporations shall become a new corporation, or be merged into one of such corporations, as the case may be, in accordance with the said agreement, * * *

In the instant case no agreement of consolidation was executed by the corporations and none was filed with the secretary of state. For this reason there was no merger of the corporations within the meaning of section 8623–67, and section 8623–68 does not apply.

We are also constrained to disagree with the petitioner because the transaction which occurred here falls squarely within the permissive terms of section 8623–65 of Page's Ohio General Code. This section provides that a corporation may sell all of its assets by action of its directors duly approved by shareholders having two-thirds of the voting power in the corporation. An Ohio corporation has no authority to sell its entire assets except as provided by statute. *Cyclone Drill Co.* v. *Zeigler*, 99 Ohio St. 151; 124 N. E. 131. The actions of the two corporations in the instant case follow section 8623–65 precisely. There is no statutory provision similar to section 8623–68 which is applicable in the case of a transaction under section 8623–65. It therefore can not be argued that the tax liability of Lake Cable, Inc., became the tax liability of the petitioner by virtue of an Ohio statute. The payment by the petitioner of the Lake Cable, Inc., tax liability was made in order to free the land from the tax lien and was a part of the cost of acquiring the land. *Walsh-McGuire Co.* v. *Commissioner*, *supra*. The respondent's determination is approved.

*American Shipbuilding Co.* v. *Commonwealth S. S. Co.* (C. C. A., 6th Cir.), 215 Fed. 304, and *Ruedy* v. *Toledo Factories Co.*, 61 Ohio App. 21; 22 N. E. (2d) 293, are not in point. The court in the *American Shipbuilding Co.* case held that a transaction substantially similar to that in the instant case was, in equity, sufficiently similar to a merger or succession in interest to pass to the vendee company the vendor's right to rescind a contract for fraud. The court specifically pointed out that while the similarity of the transaction to a merger was sufficient for a court of equity decreeing rescission, it would be not at all important for some purposes. The case clearly has no application in this proceeding. The *Ruedy* case held that the creditors of the vendor corporation may not be prejudiced by its act in ridding itself of all of its properties. The result is primarily an equitable one arrived at solely to protect the creditors of the vendor and is premised upon considerations not present in this proceeding.

*Decision will be entered for the respondent.*